## W. J. HALSELL ET AL. v. MARY C. NEAL ET AL.

Decided March 3, 1900.

### 1.  Practice on Appeal—Verdict on Conflicting Evidence—Preponderance.

Where the evidence for the prevailing party is sufficient to sustain the verdict given in his favor, the fact that the preponderance of the entire evidence may apparently be against the verdict will not authorize the appellate court to disturb it, as it is the exclusive province of the jury to pass upon the weight of the evidence and the credibility of the witnesses.

### 2.  Evidence—Impeachment of Witness.

For the purpose of impeaching plaintiff's statement that she had not given authority for her father's executors to turn over the estate to certain of the heirs for distribution, defendant offered to prove that she had received advancements from the father and had executed to him a release of all interest in his estate. Held, that such evidence was properly excluded, since plaintiff had admitted that she was expecting nothing from the estate, and had understood that she was left only a dollar by the father's will.

### 3.  Charge of Court—Reciting Uncontradicted Facts.

It is not improper for the court to recite the uncontradicted facts of the case, where this is done in a manner that could not possibly have influenced the jury in determining the controverted issue submitted to them.

### 4.  Same—Word "Empower" Not Misleading—Request for More Specific Charge.

A charge that if plaintiff did authorize and empower certain sureties on the executor's bond to act for her in receiving from the executor her share in her father's estate, she is not entitled to a verdict, is not misleading as calculated to cause the jury to believe that it required more than the simple letter of authority which defendants claimed plaintiff had written to warrant the delivery of the property; and if defendants desired the charge to be more specific in this respect, they should have requested an appropriate instruction.

### 5.  Same—Charge Should Submit the Whole Case.

Though there be but one issue controverted by the evidence, the charge should submit the whole case necessary to plaintiff's recovery where defendant has pleaded the general denial, and there is no agreement that such issue alone be submitted.

### 6.  Appeal by One Appellant as Against Another.

The judgment below was for plaintiff against several defendants, and in favor of the defendant H. over against two of his codefendants. The defendants appealed from the judgment in favor of plaintiff, but the two codefendants did not specially except to the judgment in favor of H. over against them, and gave no notice of appeal therefrom; and executed no bond to H. Held, that their cross-assignments attacking the judgment in favor of H. over against them could not be considered.

APPEAL from Dallas. Tried below before Hon. RICHARD MORGAN.

*T. F. Nash,* for appellants.

*Emmett Chambers* and *F. W. Bartlett,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought by appellee, Mary C. Neal, joined pro forma by her husband, J. H. Neal, against W. J. Halsell, executor of the will of William Huffhines, deceased, and G. K. Stratton, J. M. Stratton, and James F. Rowland, sure-

ties upon said executor's bond, to recover a one-eighth interest in the estate of the said Huffhines. The only defense made to the suit was by plea setting up that by agreement of all the heirs of said Huffhines, the administration of his estate in the County Court was closed, and the executor released, and the entire estate turned over by him to G. K. and J. M. Stratton for distribution among said heirs. The plaintiff Mrs. Neal admitted that she had signed a waiver of service of citation on the final account of the executor, and agreed that same be approved, but denied that she ever authorized said executor to deliver said estate to G. K. and J. M. Stratton. This was the only issue raised by the evidence. Upon this issue a verdict was returned in favor of plaintiffs, and in accordance therewith judgment was rendered in their favor against the executor and his said bondsmen for the amount of the value of Mrs. Neal's interest in said estate as shown by the judgment of the County Court approving the final account of the executor, with 10 per cent damages thereon per month from the date on which Mrs. Neal made demand upon said executor for same, amounting to the sum of $1382.37. It was further adjudged that Halsell and Rowland each have judgment over against the said G. K. and J. M. Stratton for any portion of said $1382.37 that might be paid by him, together with his costs in this behalf.. The evidence establishes the following facts:

Plaintiff Mrs. Neal is a daughter, heir and devisee of the said William Huffhines, deceased; and under the will of said Huffhines was entitled to one-eighth of his estate in the hands of the executor of said estate at the time administration of same was closed by order of the County Court of Dallas County. The defendant Halsell was the duly appointed and qualified executor of said estate, and the defendants G. K. and J. M. Stratton and James F. Rowland are the sureties upon his bond as such executor. The will of said Huffhines was executed on August 5, 1890, and probated on March 25, 1891, and shortly thereafter Halsell qualified as executor and executed his bond in the sum of $13,000, with said G. K. and J. M. Stratton and James F. Rowland as sureties. At the April term of the County Court of Dallas County Halsell filed his final account as executor of said estate, together with a written waiver of citation signed by all of the heirs of said Huffhines, agreeing that said account be approved. The account set out the amount of money and notes remaining in the hands of the executor after payment of all claims due by the estate and all expenses of said administration, and named the eight children of said Huffhines, including plaintiff Mrs. Neal, as the persons who were entitled to receive the same. On April 16, 1892, the County Court made and entered the following order:

"William Huffhines, Deceased. W. J. Halsell, Extr. No. 1501. Order made April 16, 1892.

"This day came on to be examined the final account of W. J. Halsell, as executor of the estate of William Huffhines, deceased, due notice hereof having been given. And it appearing to the court that said estate has been fully administered, and the provisions of the will of said

decedent fully complied with, it is ordered by the court that said account be approved and is ordered of record, and that the executor deliver to the heirs as they are entitled, share and share alike, the estate in his hands, and upon filing their receipts therefor and payment of all costs said executor is discharged."

On April 24, 1892, Halsell turned over all of the estate in his hands to the defendants G. K. and J. M. Stratton, taking their receipt for same, in which they released him from all further liability as such executor. The value of Mrs. Neal's interest in said estate so delivered to said G. K. and J. M. Stratton was shown to be $611.89. Mrs. Neal made demand upon Halsell for her portion of said estate on the 30th day of June, 1898, and she has never received any portion of said estate either from Halsell or from the said G. K. and J. M. Stratton. These facts are all uncontroverted. The testimony is conflicting as to whether or not Mrs. Neal agreed that the executor should turn over the estate to the defendants Stratton. G. K. Stratton testified that he wrote to Mrs. Neal asking her if she was willing for the estate to be turned over by the executor to himself and J. M. Stratton for distribution among the heirs, and telling her that all of the other heirs were willing, and that it could save costs, as he and J. M. Stratton would charge nothing for their services; that in reply to this letter he received a letter from Mrs. Neal, saying: "To go ahead, she had no objections, and was perfectly willing;" that he showed this letter to Halsell who had refused to turn over the estate until Mrs. Neal's consent was procured.

Halsell testified that Stratton showed him such a letter. He did not know Mrs. Neal's handwriting; believed it was her signature, but could not swear to it; that the letter was mailed at Hillsboro, where Mrs. Neal lived; knew she wrote the letter just simply from the way it was written and where it came from; knew that it was Mrs. Neal's letter as well as he knew anything. Mrs. S. E. Stratton, wife of G. K. Stratton and sister of Mrs. Neal, testified that she knew Mrs. Neal's handwriting, and that the letter in question was written by her. She also testified she never told Mrs. Neal that her father had not willed her anything. J. M. Stratton testified that he had either read the letter, or heard it discussed; knew that such letter had been written. None of these witnesses could give the date of the letter, nor tell what had become of it.

J. H. Neal testified that he had never, either alone or together with his wife, authorized Halsell to turn over the estate to the defendants Stratton, and did not know that there was any understanding or agreement between the heirs of Huffhines that the executor was to turn over the estate to the defendants Stratton. Mrs. Neal testified that she did not write any such letter; received no letter from G. K. Stratton asking that she give her consent to Halsell's turning the estate over to him and J. M. Stratton; did not know until 1897 that the estate had been turned over to said Stratton, and did not know until the summer of 1897 that she was entitled to any part of her father's estate; had been

told by her sister, Mrs. Stratton, that her father only bequeathed her one dollar, and believed such was the case until her stepmother told her she had an interest in the estate; this was in 1897; she then procured a copy of the will and discovered she was not left out in it.

While the preponderance of this testimony may apparently be against the verdict of the jury, it was their exclusive province to pass upon its weight and the credibility of the witnesses, and there being ample evidence to sustain their verdict we are not authorized to disturb it. This disposes of appellants' third assignment of error.

The first assignment of error complains of the ruling of the trial court in refusing to allow appellants to show that by advancements made by William Huffhines to Mrs. Neal in his lifetime she had received more than her interest in his estate. This evidence was offered for the purpose of showing that Mrs. Neal, knowing the condition of the estate, and believing that she had no interest therein, was more likely to have given her consent that the same be turned over to the Strattons, and as affecting the credibility of her testimony that she had not so consented.

The second assignment complains of the exclusion by the trial court, as evidence, of two deeds executed by Mrs. Neal on April 25, 1884, and November 23, 1888, respectively, conveying to William Huffhines, in consideration of $1100, all interest in the estate of her deceased mother, and in the estate which she might inherit from her father. These deeds were offered for the same purpose as the testimony referred to in the first assignment. We think there is no merit in either of these assignments. The proffered evidence was not material to any issue in the case, and the qualification indorsed by the trial court upon appellants' bill of exceptions to the exclusion of said testimony, "that the admission of same would have consumed time unnecessarily, if it was offered to show that Mrs. Neal did not expect to receive anything from her father's estate, because she admitted that she thought until some time in the summer of 1897 that she was not given anything in the will of her father," is, we think, a complete answer to appellants' objections. The testimony was not offered for the purpose of showing that Mrs. Neal had no interest in the estate of her father, and was clearly inadmissible for such purpose. The money paid her by her father and her release to him of her claim as an heir of his estate, was long prior to the execution of his will by which he gave her an equal interest with his other children in his estate.

The fourth assignment assails the charge of the court as being upon the weight of the evidence, in that the court instructs the jury that "the plaintiff Mary C. Neal is a daughter, heir, and devisee of William Huffhines, deceased;" that "W. J. Halsell was directed by the judgment of the County Court of Dallas County to pay over one-eighth of the estate to each of the eight heirs of William Huffhines, named in said judgment, and Mary C. Neal was one of said heirs;" that "the share of said estate to which the said Mary C. Neal was entitled is shown by the

uncontroverted testimony to have been worth $611.89;" and that "the defendant W. J. Halsell turned over all the estate in his hands to the said J. M. and G. K. Stratton."

These recitals of fact in the court's charge were all established by the uncontroverted evidence in the case, and it was not improper for the court in stating the case to make such recitals. The issue as to whether or not the plaintiff agreed that the estate should be turned over to defendants Stratton was fully and clearly submitted to the jury by the charge, and the recitals of facts in the charge above quoted could not, from the manner in which they were made, have had any possible influence upon the jury in determining the issue of fact submitted to them. We think this assignment is also without merit.

The fifth assignment contends that the court erred in charging the jury that "If Mrs. Neal did authorize and empower said J. M. and G. K. Stratton to act for her and in her behalf in receiving from said executor her share of said estate, the defendants are entitled to a verdict, otherwise the plaintiff is entitled to a verdict," because the use of the word "empower" was calculated to and doubtless did mislead the jury and cause them to believe that it required something more than the letter testified about to justify Halsell in delivering the property to the defendants Stratton. We do not think the jury could have so construed the charge, nor that the same is capable of such construction. If appellants desired the court to charge the jury that the letter in question, if written by Mrs. Neal, authorized the appellant Halsell to turn the estate over to the appellants Stratton, they should have requested such instruction, and not having done so, can not now complain that the charge was not clear upon this point. Cockrell v. Cox, 65 Texas, 669; Weaver v. Nugent, 72 Texas, 278; Stevens v. Anderson, 36 S. W. Rep., 1000.

We do not think the court erred in refusing special instruction asked by the appellants, as complained of in their sixth assignment. The court's charge fully submitted the case to the jury on the issues involved, and the requested charge was not applicable to any issue raised by the pleadings or proof.

The seventh assignment of error complains that the charge of the court should have submitted but one issue to the jury, viz., whether or not the plaintiff wrote the letter in question. While this was the only issue upon which the evidence was conflicting, there was no agreement nor request that this issue should alone be submitted to the jury. The defendants by their general denial had put in issue the whole of plaintiffs' case, and it was not improper for the court to submit the whole case to the jury by a general charge.

There is no merit in the eighth assignment, appellants not having admitted plaintiff's case in the manner required by law to entitle them to open and close the argument upon the issue as to whether or not the plaintiff wrote the letter in question. Rule 31 for District and County Courts; Ayers v. Lancaster, 64 Texas, 305; Steed v. Petty, 65 Texas, 490.

The ninth assignment attacks the judgment of the trial court in allow--

in Halsell to recover over against appellants Stratton the 10 per cent damages per month allowed on the amount of plaintiff's interest in the estate turned over by him to said Strattons. Appellants Stratton did not specially except to the judgment of Halsell over against them, and gave no notice of appeal from said judgment as against the said Halsell, and executed no appeal bond in favor of Halsell. We are of opinion that this appeal can not be considered as from the judgment of Halsell over against Strattons, but is only an appeal by the said Halsell, the Strattons, and Rowland from the judgment in favor of appellees against all of the appellants, and on this appeal a cross-assignment of the Strattons against Halsell can not be considered. Railway v. Skinner, 4 Texas Civ. App., 661; La Vega v. League, 2 Texas Civ. App., 252.

We find no error in the judgment of the trial court and it is affirmed.

*Affirmed.*