## C. SCHWARZ ET AL. V. LUCINDA JONES.

### Decided November 20, 1909.

**1.—Appeal—Several Apellants—Appeal Bond by One.**

In a suit of trespass to try title the plaintiff recovered judgment against the defendant for the land in controversy, and the defendant recovered judgment against his warrantor for breach of the warranty; both defendants gave notice of appeal but the warrantor alone filed an appeal bond and by assignment of error attacked the judgment in so far as it was against him on his covenant of warranty. Held, the original defendant not having filed an appeal bond could not by assignment of error question the judgment against him in plaintiff's favor for the land.

**2.—Covenant of Warranty—Breach—Subsequent Title by Limitation.**

A covenant of title is not broken by adverse title acquired by limitation against the grantee after the execution of the conveyance and covenant.

**3.—Same—Partial Liability—Proportion.**

In the absence of evidence that there is any difference in the quality and value of the land, a warrantor is liable, in case the title to only a part of the land fails, for such proportion of the entire purchase money paid as the portion of the land lost bears to the whole tract conveyed.

**4.—Costs—Apportionment.**

Where, in a suit of trespass to try title, the defendant lost one-half of the land in controversy by his failure to dispossess adverse occupants, he is entitled to recover over against his warrantor, who had been vouched in, only one-half of the costs of the trial which were adjudged against him in favor of the plaintiff.

Appeal from the District Court of Harris County. Tried below before Hon. W. P. Hamblen.

*Love & Channell,* for appellant.

*Fisher, Sears & Campbell,* for appellee.

REESE, ASSOCIATE JUSTICE.—In this case Lucinda Jones sued E. A. Witt in trespass to try title to recover a certain piece of ground described in the petition by metes and bounds and stated to contain half an acre. Witt brought in his vendor, C. Schwarz, as defendant, and, under appropriate allegations, sought to recover on his warranty title from his vendor. The case was tried with the assistance of a jury, resulting in a verdict and judgment for plaintiff for all the land sued for, and for defendant Witt against Schwarz on his warranty for $125. Both Witt and Schwarz made motions for new trial, which were overruled, from which both parties gave notice of appeal.

Each of them filed in the trial court assignment of errors, but Schwarz alone perfected his appeal by giving bond. In this court Schwarz has filed briefs presenting one assignment of error attacking the judgment in favor of the plaintiff for the land, and several assignments assailing the judgment against him in favor of Witt on the warranty. He has expressly waived the assignment attacking the judgment in favor of plaintiff for the land, and presents only those

questioning the judgment against him on the warranty. Defendant Witt has filed a brief seeking to present the assignment of error filed by him, questioning the judgment for plaintiff for the land.

In this state of the record defendant Witt, not having perfected his appeal, is in no position here to question the judgment in favor of plaintiff against him, and his brief, which is limited to the single assignment abandoned by defendant Schwarz questioning judgment for the land, must be disregarded. The appeal of Schwarz authorized Witt, without filing appeal bond himself, by cross-assignments of error to combat Schwarz's appeal against him, but not the plaintiff's judgment. (Carroll v. Carroll, 20 Texas, 740; Caperton v. Wanslow, 18 Texas, 125; Halsell v. Neal, 23 Texas Civ. App., 26.) The judgment, therefore, in so far as it is in favor of plaintiff for the recovery of the land, must be affirmed; and it remains only to consider the objections to the judgment in favor of Witt against Schwarz on the warranty.

The court gave the jury the following charge: "You are charged if you find for plaintiff for the land sued for, then you will find for the defendant Witt against the defendant Schwarz for the sum of one hundred and twenty-five dollars. If you find for plaintiff for one-half of the land under this charge, then you will find for the defendant Witt against said Schwarz for the sum of $62.50." This charge is assailed by the second assignment of error.

The court charged the jury, in substance, that the plaintiff, Mrs. Jones, could not recover more than one-half of the land in controversy, unless she had acquired title under the statute of limitation of ten years; that is, that she had shown title by deed to one-half of the land, and would be entitled to recover the whole if the jury found in her favor under her plea of ten years' adverse possession. As no objection is presented by any assignment of error to this charge, it must be assumed to be correct. The jury found for her the entire tract.

Schwarz had conveyed to Witt by deed dated August 30, 1899, two acres of land, of which the half acre sued for forms a part. The court also instructed the jury that Mrs. Jones' adverse possession did not begin, in any event, earlier than August 19, 1892. So, on August 30, 1899, her adverse possession had not ripened into a title under the ten years statute of limitation, which could only be when the ten years' adverse occupancy was fully completed. As the case thus stands, at the date of Schwarz's deed to Witt, Mrs. Jones had title to one-half of the land in suit, and her claim, by virtue of her adverse occupancy, was in course of maturing into a title under the ten years statute, but not yet matured, lacking three years. As to one-half of the land, then, there was breach of Schwarz's warranty to Witt, but not as to the other half. The covenant of title was not broken by adverse title acquired by limitation under the conveyance by Schwarz to Witt. (Harn v. Smith, 79 Texas, 310; Thompson v. Weisman, 98 Texas, 175.)

Schwarz's warranty of title to the two acres was limited to $500 for the whole. It does not appear that the half acre here involved had a greater value than its proper proportion of the whole. From this it would result that Witt was entitled to judgment only for the proportion of the $500 which the part of the land for which the warranty

was breached bore to the entire two acres. The adverse title acquired by limitation after the date of Schwarz's conveyance being no breach, Witt was entitled to recover only for the breach by reason of Mrs. Jones' superior title at date of the conveyance to Witt, which only extended to one-half of the half acre sued for, that is, one-eighth of the two acres, and Witt was only entitled to recover a corresponding proportion of the $500, that is, $62.50. The jury by its verdict gave him $125, for which the court rendered judgment.

Appellant Schwarz sought to have presented to the jury, by requested charges which were refused, the law as here stated with regard to the effect of the title acquired by limitation upon the warranty as a breach thereof. The refusal of the charges, and also the objections to the judgment for $125, are presented by proper assignments of error, which must be sustained. As we have said, no reply is attempted to be made to these assignments by appellee Witt. It is entirely clear that upon no theory of the evidence was Witt entitled to recover on his warranty more than $62.50, and the judgment of the court is so reformed as to give him judgment for that amount.

It necessarily follows that the judgment against Schwarz for all of the costs of the trial court is erroneous. One-half of such costs should have been taxed against Witt as he lost one-half of the land, for which Schwarz was not responsible. The judgment will also be reformed in this particular, adjudging one-half of the costs of the trial court against Witt and one-half against Schwarz, as between them. Mrs. Jones, however, is entitled to have her judgment affirmed as it was rendered.

The judgment in favor of Mrs. Jones for the land is affirmed, and the judgment in favor of Witt against Schwarz is reformed as herein indicated, and as so reformed is affirmed. One-half of the costs of the appeal will be adjudged against appellant Schwarz and one-half against Witt.

*Affirmed in part; reformed and affirmed in part.*