WOOSTER et al. v. HOECKER. (No. 7317.)

(Court of Civil Appeals of Texas. Galveston. March 13, 1917. Rehearing Granted in Part April 26, 1917. Rehearing of J. B. Arpin Dredging Company Denied May 10, 1917.)

1. PARTNERSHIP ⬤—174—TORT OF FIRM—LIABILITY OF SUBSEQUENT MEMBER.

A person who became a member of a partnership long after it dug a ditch across another's land, damaging it, was not liable individually for such damage.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 306.]

**2. LIMITATION OF ACTIONS** ☞124 — **COMMENCEMENT OF ACTION—TWO-YEAR STATUTE —ADDITION OF PARTIES.**

Defendant, member of firm which damaged plaintiff's land, becoming such subsequent to damage, who was not made party to plaintiff's suit against firm until more than two years after cause of action arose, and did not enter his appearance until after he was made a party, could rely on the two-year statute of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 541.]

On Motion for Rehearing.

**3. APPEAL AND ERROR** ☞714(4)—**JURISDICTION—ADMISSION BY COUNSEL.**

Where counsel who represented a firm admitted in writing on the firm's appeal that the members of the firm, who were shown to have been such, authorized filing of the answer filed by attorneys, the admission on the part of counsel supplied and conceded all required to satisfy the Court of Civil Appeals that the firm was before the trial court and before the Court of Civil Appeals by the appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2962.]

**4. APPEAL AND ERROR** ☞878(1)—**APPEAL BY FIRM—REVIEW OF JUDGMENT FOR INDIVIDUAL MEMBERS.**

Where the appeal was by an individual defendant and by a defendant firm only, plaintiff not appealing from the judgment rendered in favor of two members of the firm, such part of the judgment is not before the Court of Appeals for review.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3573, 3574.]

Error from District Court, Galveston County; Clay S. Briggs, Judge.·

Suit by F. W. Hoecker against the J. B. Arpin Dredging Company and others. To review a judgment for plaintiff against the Dredging Company and another individually, the latter bring error. Judgment against the Dredging Company affirmed, and judgment against the individual reversed and rendered.

Stewarts, of Galveston, for plaintiffs in error. James B. & Charles J. Stubbs and H. H. Treaccar, all of Galveston, for defendant in error.

LANE, J. This suit was originally brought by F. W. Hoecker against the Galveston county drainage district No. 1 and the J. B. Arpin Dredging Company, which was alleged to be a corporation for the recovery of certain land and for damages thereto. Service of citation was had upon one M. J. Bever, of Harris county, on August 17, 1912, who, it was alleged, was the agent of said alleged corporation.

On the 10th day of September, 1912, the law firm of Gill, Jones & Stone, as attorneys for the J. B. Arpin Dredging Company, filed an answer for said company, neither admitting nor denying that said company was a corporation, as alleged by plaintiff. Said answer consisted of a general denial, and specially pleaded:

"Further answering thereto, this defendant says that if it damaged the plaintiff in the respects mentioned that said damages were brought about under the following circumstances: That the board of commissioners of drainage district No. 1 of Galveston county, Tex., did through their civil engineer lay out the plans and specifications of the drainage ditches to be dug in said district, did indicate where said ditches should be placed on the ground, and did, by written contract, employ one J. C. Kelso, of Galveston county, Tex., to do said work under the supervision and superintendence of the said civil engineer; that defendant did said work and finished said ditch as subcontractor under the said J. C. Kelso, but with the knowledge, acquiescence, and consent of the drainage commissioners of said district No. 1. Wherefore this defendant says it is not·liable in any respect, or to any extent, in the premises, and it therefore prays·that it may go hence with its costs."

The cause was continued from term to term until the 16th day of January, 1915, at which time Judge W. B. Lockhart, as amicus curiæ, submitted to the court that J. B. Arpin Dredging Company was never a corporation as alleged by plaintiff, but that it has always been a copartnership, composed of J. B. Arpin and E. P. Arpin, residents of the state of Wisconsin, and C. M. Wooster, a resident of Harris county, Tex. The court's attention was also called to the fact that the service of citation, upon M. J. Bever, as agent of J. B. Arpin Dredging Company, a corporation, was in no wise a service upon J. B. Arpin Dredging Company, a copartnership, and that ·the said answer filed by Gill, Jones & Stone, was not an appearance of said J. B. Arpin, E. P. Arpin, or C. M. Wooster.

On the 4th day of February, 1915, by leave of the court, plaintiff filed his trial amendment, and alleged that by mistake he had alleged in his original petition that the J. B. Arpin Dredging Company was a corporation, but as a fact said company was not a corporation, but was a copartnership composed of J. B. Arpin, E. P. Arpin, and C. M. Wooster; that said allegation in said original petition was not denied by said answer filed by Gill, Jones & Stone, attorneys for said company, nor by said company prior to the filing of such answer; that said answer did not disclose the identity of said company, but by said answer said J. B. Arpin Dredging Company fraudulently concealed its real legal identity; that more than two years elapsed from the filing of plaintiff's original petition before said amicus curiæ made known to plaintiff the legal identity of said J. B. Arpin Dredging Company, and that · such concealment of a matter required by law to be expressed was without the knowledge of plaintiff, and was an act of fraud upon plaintiff's rights, and plaintiff is entitled to recover against the firm of J. B. Arpin Dredging Company and against the partners composing said firm, they having authorized appearance in said suit, and later, and before trial, having voluntarily appeared and answered.

On the 4th day of February, 1915, defendants J. B. Arpin Dredging Company and C. M. Wooster filed their answer, disclaiming any interest in the land sued for by plaintiff,

denying generally all other allegations of plaintiff's petition, and by special plea they say :

"The defendants and each of them say that each and all of the acts complained of in the second amended original petition, and more particularly the acts complained of in paragraphs 1, 2, 3, 4, and 5 thereof, occurred, if at all, about or during the month of November, 1910, and that these defendants and each of them are now sued for the first time in this action, by the filing against them and each of them of the second amended petition on the 8th day of November, 1915; that such pleading was filed on the 8th day of November, 1915, more than two years and more than four years after the accrual of the cause of action set up therein; that these defendants and each of them pleaded in bar of the cause and causes of action as set up in such second amended original petition, and each of them the statutes of limitation of the state of Texas in such cases made and provided."

All issues between the Galveston county dredging district and other parties and the question as to the title to the land sued for were finally disposed of in the trial court and are not involved in this appeal; therefore no further mention of said drainage district nor of the land in question will be made herein.

The case was tried before the court without a jury, and judgment was rendered in favor of plaintiff, F. W. Hoecker, against defendant C. M. Wooster individually, and the firm of J. B. Arpin Dredging Company, for the sum of $260.10. C. M. Wooster and J. B. Arpin Dredging Company have brought the case before this court by writ of error.

Plaintiffs in error, C. M. Wooster and J. B. Arpin Dredging Company, insist that the court erred in rendering judgment against them, or either of them: First, because the evidence presented indisputably shows that neither of them were sued or made parties to this suit until more than four years had elapsed since the accrual of the cause of action asserted by defendant in error against them, and that said cause of action, if any, was barred by the statute of limitation pleaded by them; second, because the evidence presented indisputably shows that the J. B. Arpin Dredging Company, sued as a partnership, was not in existence at the time the injury or damage complained of by the plaintiff was done, to wit, on the 10th day of November, 1910, and that C. M. Wooster was not at that time a partner of any copartnership doing business under the name of J. B. Arpin Dredging Company, or under any other name whatever.

The undisputed evidence shows that as a subcontractor J. B. Arpin, a resident of Wisconsin, for himself and for himself and another or others, dug, or caused to be dug, a ditch upon the land of plaintiff, F. W. Hoecker, on the 10th day of November, 1910, which caused the damage sued for by plaintiff; that said contract was made by J. B. Arpin under the name of J. B. Arpin Dredging Company; that at the time said damage was done defendant C. M. Wooster was working for said

J. B. Arpin or J. B. Arpin Dredging Company, for a salary payable monthly, and that Wooster was not a member of the firm of J. B. Arpin Dredging Company in the year 1910, at the time said damage was done; that he became a member of a firm or copartnership composed of J. B. Arpin, E. P. Arpin, and C. M. Wooster some time in 1911, after said damage was done.

It is shown by the record that plaintiff, Hoecker, brought this suit against J. B. Arpin Dredging Company on the 22d day of June, 1912; that in his petition he alleged that said company was a Texas corporation, and that one M. J. Bever, of Harris County, was its agent; that citation was issued in such suit and served upon said Bever on the 17th day of August, 1912, and that on the 10th day of September, 1912, Attorneys Gill, Jones & Stone, of Houston, filed an answer, which appears upon its face to be an answer of the J. B. Arpin Dredging Company, without any reference to whether said company was a corporation, as alleged by plaintiff, or a copartnership, or an individual only; that after such answer was filed the case was continued from term to term to January, 1915, at which time the attention of plaintiff was called to the fact that said company was not a corporation, by amicus curiæ, Lockhart; that on February 4, 1915, after plaintiff's attention had been called to such fact, he filed a trial amendment alleging for the first time that he had made a mistake in alleging in his original petition that J. B. Arpin Dredging Company was a corporation; that in fact said company was a copartnership, composed of J. B. Arpin and E. P. Arpin, residents of the state of Wisconsin, and C. M. Wooster, of Harris county, Tex.; that by the answer filed by Gill, Jones & Stone for the defendant, within two years after the alleged damage occurred, he was fraudulently induced to believe that said company was a corporation, as originally alleged by him; that such answer was a fraudulent concealment of the legal identity of said company; and that by reason thereof he failed to sue J. B. Arpin, E. P. Arpin, and C. M. Wooster within two years after said damage occurred, which he would have done had he not been so deceived by said answer. There is no evidence conclusively showing who authorized Gill, Jones & Stone to file the answer filed by them. There is no evidence that C. M. Wooster employed said attorneys to file said answer, or that he in any way authorized its filing, but, on the contrary, he testified that he did not employ counsel for the J. B. Arpin Dredging Company, nor authorized the filing of such answer. He also testified that about the time said answer was filed J. B. Arpin was in Houston, and that he supposed that he, J. B. Arpin, or M. J. Bever employed counsel to file said answer, but that he did not know positively who employed said counsel, as he had not talked to them about the matter of employment or about the answer filed

by them, nor did he know anything about the suit until he was served with citation in 1915.

[1, 2] From what has been said we think it clear that no recovery can be had against defendant C. M. Wooster for the alleged damage, because: First, his uncontradicted testimony shows that he was not a member of the firm which did the damage complained of until long after said damage occurred; second, that he was not made a party to this suit until February 4, 1915, more than two years after plaintiff's alleged cause of action arose, and that it is not shown that he entered his appearance in any way in said cause until after he was made a party on February 4, 1915, and he has pleaded the two-year statute of limitation in bar of plaintiff's right to recover against him.

We also think that no recovery can be had against the defendant J. B. Arpin Dredging Company, a copartnership, or against J. B. Arpin or E. P. Arpin, parties alleged by plaintiff's trial amendment filed herein on the 4th day of February, 1915, to be members of said firm, in the absence of proof that either J. B. Arpin, E. P. Arpin, or some one by them legally authorized, employed and authorized Gill, Jones & Stone to file the answer filed by them on the 10th day of September, 1912. These defendants were first made parties eo nomine to this suit by plaintiff's trial amendment filed February 4, 1915, more than two years after the damage complained of was alleged to have occurred, and plaintiff's cause of action is barred by the statute of limitation pleaded by said defendant J. B. Arpin Dredging Company, unless it be shown that the answer filed by Gill, Jones & Stone was authorized by either J. B. Arpin. E. P. Arpin, or by some one by them authorized so to do, but in such event said answer would be an appearance of said copartnership and of such member or members of said copartnership as authorized the filing of such answer, which was filed before the expiration of two years from the date of the damage complained of. In other words, if it had been shown that either J. B. Arpin or E. P. Arpin had in fact filed an answer on September 10, 1912, under the name of J. B. Arpin Dredging Company, the party or parties so filing such answer and the firm would be before the court, and a recovery against such person and firm might have been had (Pickering Mfg. Co. v. Gordon, 168 S. W. 14), but it is not shown by the evidence that either J. B. or E. P. Arpin filed or authorized the filing of the answer by Gill, Jones & Stone, and until it is shown that said parties authorized the filing of such answer, no judgment can be had against either of them or the firm.

Defendant in error Hoecker, however, contends that as he was deceived by the answer filed by Gill, Jones & Stone as to the legal identity of the proper defendant or defendants, as hereinbefore more fully stated, the statute of limitation did not begin to run against his cause of action until he was ad-vised of the identity of said defendants by amicus curiæ, Lockhart, in 1915.

It is unnecessary for us to decide whether the answer filed by Gill, Jones & Stone was a fraud and in effect concealed from plaintiff the legal identity of the defendant, for the reason it is not shown that any of the parties sued authorized the filing of the same, and for the further reason that, if it were shown that any member of said firm of J. B. Arpin Dredging Company authorized the filing of such answer, such answer would constitute an appearance for such party and the firm, in the suit then pending, upon a cause of action not then barred by the statute of limitation pleaded by defendants.

We reach the conclusion that there is no evidence to show that defendant Wooster was in any manner interested in the contract made by J. B. Arpin for the construction of the ditch which caused the damage complained of by plaintiff at the time of such damage, but, on the contrary, it is shown by the uncontradicted testimony of Wooster that he had no interest in said contract. We also conclude that, if it were conceded that Wooster was interested in the digging of the ditch which caused the damage complained of, his plea of limitation should prevail, because the undisputed evidence shows that more than two years elapsed from the date of such damage before Wooster was made a party to the suit; that he filed no answer in said cause, nor made his appearance otherwise therein, until he filed his plea of limitation in February, 1915, more than two years after plaintiff's cause of action accrued. We therefore reverse so much of the judgment of the trial court as decreed a recovery of damages against C. M. Wooster, and we here render judgment in favor of said C. M. Wooster against plaintiff, F. W. Hoecker, for all costs by him incurred herein.

We also conclude that, as the pleading and the evidence show that neither J. B. Arpin, E. P. Arpin, or the J. B. Arpin Dredging Company, a copartnership, or either of them, were made parties to this suit until more than two years after plaintiff's cause of action arose, their plea of limitation should prevail, unless it can be shown that either J. B. or E. P. Arpin authorized Gill, Jones & Stone to file the answer filed by them on the 10th day of September, 1912. There being no evidence that either of said parties authorized the filing of said answer by Gill, Jones & Stone, we reverse so much of the judgment of the trial court as decrees a recovery of damages against the defendant J. B. Arpin Dredging Company, and remand the cause for retrial of the issues involving the question of damages between the J. B. Arpin Dredging Company, J. B. Arpin, and E. P. Arpin and plaintiff, Hoecker, in the event it be shown that any member of said firm authorized the filing of said answer filed by Gill, Jones & Stone.

The judgment of the trial court is reversed and remanded in part, and in part here rendered for appellant C. M. Wooster.

Reversed and rendered in part, and reversed and remanded in part.

## On Motion for Rehearing.

In our original opinion we reversed so much of the judgment of the trial court as was in favor of F. W. Hoecker against C. M. Wooster for damages, and rendered judgment for Wooster. We also therein held that, as there was no evidence to show that either the J. B. Arpin Dredging Company, J. B. Arpin, or E. P. Arpin authorized the filing of the answer purporting to be the answer of the J. B. Arpin Dredging Company filed by Gill, Jones & Stone on the 10th day of September, 1912, and as the evidence shows neither of the parties were otherwise served with citation, no recovery could be had against either of them for the damages sued for, and as to these parties we reversed the judgment and remanded the cause for another trial, upon the question of their liability for the alleged damages.

Since filing the original opinion counsel who represented the J. B. Arpin Dredging Company, and who presented oral argument in its behalf before this court, has filed a paper in this court in this case which he has indorsed, "Suggestion of Amicus Curiæ," and in which it is suggested to this court that the answer filed by Gill, Jones & Stone was the answer of J. B. Arpin and E. P. Arpin, and that thereby they were before the trial court, and that judgment had been rendered in their favor by the trial court, to the entry of which no exception had been taken, nor appeal perfected, and that such judgment should be affirmed by this court.

[3] Since the paper above mentioned has been filed appellee, Hoecker, has filed his motion for rehearing, and, among other things, contends that, since counsel who represented the J. B. Arpin Dredging Company has in writing admitted that J. B. and E. P. Arpin, who are shown to have been members of the firm of J. B. Arpin Dredging Company, authorized the filing of the answer filed by Gill, Jones & Stone, the said J. B. and E. P. Arpin, as well as the dredging company, were before the trial court, and that such admission on the part of counsel for said dredging company supplies and concedes all that was required to satisfy this court that said company and the members thereof were before the trial court, and that they are before this court by appeal.

[4] We think this contention should be sustained in so far as it relates to the J. B. Arpin Dredging Company, but not as to the individual parties, as they were not brought before this court by the appeal. The appeal in this case was by C. M. Wooster and the J. B. Arpin Dredging Company only. Appellee did not appeal from the judgment rendered by the trial court in favor of J. B. and E. P. Arpin, and therefore that part of the judgment is not before us for review. But since it is admitted that J. B. Arpin Dredging Company was before the trial court, by answer authorized by the members of the firm, we think appellee's motion for rehearing should be in part granted, and that so much of the judgment of this court as reversed the judgment of the trial court in favor of F. W. Hoecker against the J. B. Arpin Dredging Company should be set aside, and that the judgment of the trial court against the J. B. Arpin Dredging Company should be affirmed, and it is so ordered. We also set aside so much of our former judgment as reversed the judgment of the trial court in favor of J. B. and E. P. Arpin. As that part of the judgment of the trial court was not appealed from, it will remain undisturbed.