## CAMPBELL v. STATE MORTGAGE CORPORATION et al.

### No. 9638.

Court of Civil Appeals of Texas. Galveston.

Feb. 23, 1932.

Rehearing Denied March 31, 1932.

Benckenstein & Benckenstein and J. H. Benckenstein, all of Beaumont, for plaintiff in error.

Benckenstein & Benckenstein and J. H. Benckenstein, all of Beaumont, for defendant in error H. E. Barthman.

John W. Woods, of Dallas, and J. R. Hill, of Houston, for defendant in error State Mortgage Corporation.

GRAVES, J.

State Mortgage Corporation, a private body corporate, brought the suit against C. G. Campbell to quiet its alleged title to lot 19, Quimby addition to the city of Houston, specially pleading that it claimed through a judgment in favor of the state of Texas for taxes thereon against Campbell, with fore-closure of lien accordingly; it served C. G. Campbell in person. Defendant Campbell answered through attorneys Clough & Clough, of Houston, specifically attacking the tax judgment through which the plaintiff claimed.

Thereafter H. E. Barthman, through Benckenstein & Benckenstein as his attorneys, filed a bill of intervention, averring that he was the owner of the lot under a deed from defendant Campbell to him executed subsequently to the tax sale thereof against Campbell, under which plaintiff claimed; he prayed that his title be quieted, both against the plaintiff corporation and C. G. Campbell, defendant, together with judgment against both for the land, for injunction, and for costs of court.

After so filing his answer, defendant Campbell made no further appearance, presented no evidence, and abandoned the cause; thereupon, following an agreed substitution of pleadings on the part of the plaintiff, a trial was had before the court without a jury as between the plaintiff and the intervener Barthman, which resulted in a final judgment for the plaintiff against Campbell as defendant and Barthman as intervener, and that the latter take nothing on his bill of intervention either against the plaintiff or against the defendant Campbell. Defendant Campbell gave no notice of appeal, but intervener Barthman did; subsequently, however, the latter abandoned his appeal, and, just inside the prescribed six months' period, the defendant C. G. Campbell sued out this writ of error through Benckenstein & Benckenstein of Beaumont, Tex., as his attorneys, and filed numerous assignments of error collaterally attacking the judgment of foreclosure of the tax lien against himself, under which the plaintiff corporation held, but filed no assignments complaining of the action of the court in so having rendered judgment against him

by default. Intervener Barthman did not join in the petition for writ of error, but was made a defendant in error therein by Campbell, and appears in this court solely in that capacity; he filed no complaint by assignments of error in the lower court, or in this court, against the action of the court below in rendering judgment on the facts against himself as such intervener in favor of both the mortgage corporation and C. G. Campbell.

The cause has been presented here through briefs and oral arguments by attorneys, Benckenstein & Benckenstein, in behalf of both C. G. Campbell as plaintiff in error, and of H. E. Barthman as defendant in error.

The mortgage corporation has filed its motion to dismiss the writ of error, while the other two litigants have joined in a motion to strike the briefs of the former, which motions have been taken for consideration with the cause itself; upon consideration thereof, both motions have been overruled, since full briefs and arguments, written as well as oral, in behalf of all the parties have long since been presented here, and since further this court has satisfied itself by evidence heard here, pursuant to its privilege under R. S. art. 1822, that the interests of C. G. Campbell and H. E. Barthman as litigating parties here now, while seemingly so appearing upon the face of the pleadings in the court below, are not in fact so antagonistic as not to admit of their appearance in this court through the same firm of attorneys; that being the basis for the motion to dismiss the writ of error.

On the merits of the appeal, however, it is determined that, as presented, this court has no alternative than to affirm the judgment as rendered, because, as concerns plaintiff in error Campbell, he abandoned his appeal, defaulted on the trial, presented no evidence, and filed no assignments of error complaining against the action of the trial court in so rendering the resulting judgment against him. Wherefore there is no basis in this court upon which he can challenge that action.

As concerns the defendant in error Barthman, he did not appeal from the judgment below, filed no assignments of error herein, and made no complaint at the action of the trial court in rendering judgment on the facts against him on his intervention in favor of both State Mortgage Corporation and C. G. Campbell. Under the authorities, that judgment against him as intervener must be affirmed for lack of an appeal therefrom upon his part, and, having no standing here except as a defendant in error, he cannot, in effect, prosecute an appeal in behalf of the plaintiff in error. Stewart v. Tolar (Tex. Civ. App.) 250 S. W. 274; Wooster v. Hoecker (Tex. Civ. App.) 195 S. W. 332; Schwarz v. Jones, 57 Tex. Civ. App. 603, 122 S. W. 956;

Halsell v. Neal, 23 Tex. Civ. App. 26, 56 S. W. 137; First Natl. Bank v. Mineral Wells & L. P. St. R. Co., 63 Tex. Civ. App. 638, 133 S. W. 1099; McLane v. Kirby, 54 Tex. Civ. App. 113, 116 S. W. 118; Dobson v. Campbell (Tex. Civ. App.) 238 S. W. 320; Fincher v. Wood (Tex. Civ. App.) 223 S. W. 868.

An affirmance has accordingly been ordered.

Affirmed.