## NATIONAL AID LIFE OF OKLAHOMA CITY, OKL., v. PRICE et al.

### No. 2248.

Court of Civil Appeals of Texas. Eastland.

Dec. 19, 1941.

Rehearing Denied Jan. 9, 1942.

Chrestman, Brundidge, Fountain, Elliott & Bateman, of Dallas, and L. D. Hawkins, of Breckenridge, for appellant.

L. H. Welch, of Breckenridge, for appellees.

LESLIE, Chief Justice.

N. G. Price, Lula M. Andrews and husband, J. J. Andrews, Angie M. Ash and husband, J. H. Ash, and Laura Etta Bell and husband, J. L. Bell, instituted this suit against the National Aid Life of Oklahoma City, Oklahoma, for damages by reason of an alleged breach of certain policies of insurance originally issued by Mutual Life Insurance Company of Breckenridge and alleged to have been assumed by the defendant by entering into a certain "unauthorized" contract of re-insurance, whereby the mortuary fund of the Mutual was taken over and certain premiums on plaintiffs' policies for two months were accepted.

The National Aid Life answered by plea in abatement and misjoinder, and, in the alternative, urged nonjoinder of parties plaintiff and causes of action, general and special demurrers and by special plea that it made no agreement with the Mutual to assume plaintiffs' policies, but only agreed to issue to plaintiffs certain re-insurance contracts with which agreement it complied and which insurance certain of the plaintiffs accepted.

The trial was before the court without a jury. Judgment was rendered that Lula M. Andrews and husband take nothing; but judgment was in favor of the plaintiff N. G. Price for $375.60, and in favor of Angie M. Ash and husband for $240. The National Aid Life excepted and gave notice of appeal. Laura Etta Bell and husband took a non-suit on the theory they had accepted the policies issued to them by the appellant.

The defendant's liability, if any, rests exclusively on the express provisions of the alleged contract of assumption of June 20, 1938. That was not an unconditional assumption, but one predicated upon specific qualifications or conditions, none of which are shown to have been breached in any particular by the National Aid Life.

Except as to parties and amounts, the facts of this case are substantially the same as those involved in National Aid Life v. Charles S. Adams et al., decided by this court December 5, 1941, in an opinion by Justice Funderburk, 157 S.W.2d 957. That opinion presents the different theories on which the plaintiffs herein seek to recover and makes a clear application of the correct rules of law to the facts. A careful study of this record and a re-examination of that in the case of Adams et al. convinces us that the same disposition of that appeal should now be made of this one. The controlling questions are the same.

Further, we are of the opinion that the Andrews are not entitled to any relief by reason of the cross-assignments of error sought to be presented on this appeal. The Andrews were adjudged to take nothing by their cause of action, to which they excepted and gave notice of appeal. The National Aid Life has appealed from the judgment against it in favor of Price for $375.60 and Ash for $240 and executed its supersedeas bond accordingly. J. J. Andrews is not an appellee on the appeal of the National Aid Life, and the record discloses no perfected appeal whatever by J. J. Andrews and wife. Hence, they are entitled to no relief. Southern Surety Co. v. Adams, 119 Tex. 489, 34 S.W.2d 789; Ft. Worth Light & Power Co. v. Moore, 55 Tex.Civ.App. 157, 118 S.W. 831, 837; Farmers' Nat. Bank v. Dublin Nat. Bank, Tex. Civ.App., 55 S.W.2d 567; Campbell v. State Mortg. Corp., Tex.Civ.App., 48 S.W.2d 395; Shell Pet. Corp. v. Royal Pet. Corp., 135 Tex. 12, 137 S.W.2d 753; 3 Tex.Jur. p. 1112, secs. 778, 779.

Further, we have considered said cross-assignments of error. We are of the opin-

961

ion that they are without merit and should be overruled.

For the reasons assigned, the judgment of the trial court in favor of the Prices and Ashes, respectively, is reversed and here rendered in favor of the appellant. In other respects the judgment is affirmed. It is so ordered.