**In the Interest of H.W.E., a Child.**

No. 18449.

Court of Civil Appeals of Texas, Fort Worth.

Feb. 26, 1981.

Foster & Garrett and Robert G. Teeter, Arlington, for parents.

V. Sue Koening, Fort Worth, for Tarrant County Child Welfare.

Earl E. Bates, Jr., Fort Worth, attorney ad litem for child.

Tim Curry, Dist. Atty., Tarrant County, and C. Chris Marshall, Asst. Dist. Atty., Fort Worth, for Texas Dept. of Human Resources.

## OPINION

SPURLOCK, Justice.

This is an appeal from a judgment which involuntarily terminated the parental rights of O.E. and N.E. in regard to their daughter H.W.E. The Tarrant County Child Welfare Unit alleged alternatively that the respondent parents of H.W.E. committed acts and omissions violative of the Tex. Family Code Ann. § 15.02(1) (D and E) (Supp.1980) and that the termination of the parental rights would be in the best interests of the child. The basis of the claim was that the father had engaged in "genital sexual contact" with H.W.E. in the presence and with the knowledge and consent of her mother over a two year period. H.W.E. was between four and six years of age during this time.

We affirm the judgment.

Respondents raise two points of error. The first alleges error of the trial court in permitting both parents to be represented by the same attorney. Respondents state that this dual representation created a conflict of interests which violated DR5–105 of the Code of Professional Responsibility resulting in prejudice to respondents, denying them effective assistance of counsel.

At trial the father appeared with counsel, the mother without. Mr. Martin, the father's attorney, stated: "If there is no conflict, I am representing both of them. If there is a conflict, I am representing . . . (the father)." The court responded that it was in no position to determine if there was a conflict and recessed, allowing respondents time to converse with counsel and decide if Mr. Martin should represent the both of them. Upon returning from the recess Mr. Martin indicated that he could represent both parents without any conflict.

■ We overrule the parents' first point of error. The trial record is totally devoid of any indication that any conflict of interest actually existed. Nor do the parents specifically allude to any here on appeal. Moreover, the same disciplinary rule cited by the parents expressly allows one attorney to represent multiple clients "if it is obvious that he can adequately represent the interests of each and if each consents to the representation after full disclosure of the possible effect" such representation may have the attorney's independent judgment. An attorney is not precluded from representing multiple parties in a suit unless the clients' interests are actually "adverse and hostile." *Mandell and Wright v. Thomas*, 441 S.W.2d 841, 846 (Tex.1969). A mere potential conflict of interest is insufficient to prohibit multiple representation as long as there is no real and substantial conflict. *Campbell v. State Mortgage Corp.*, 48 S.W.2d 395, (Tex.Civ.App.—Galveston 1932, writ dism'd). Additionally, as this cause was tried to the court without a jury this court will assume that the judge disregarded any evidence improperly admitted and that such evidence was harmless. *Permaspray Mfg. Corp. v. Permaspray Mfg. Corp.*, 490 S.W.2d 866 (Tex.Civ.App.—Fort Worth 1973, no writ). We conclude that no error has been shown.

In their final point the parents assert that the evidence presented in the case was insufficient to establish their alleged misconduct under either Tex. Family Code Ann. § 15.02(1)(D) or § 15.02(1)(E) (1980).

In reviewing the factual sufficiency of the evidence, this court must consider all of the evidence while applying the "clear and convincing evidence" standard of proof. *In the Interest of G. M.*, 596 S.W.2d 846 (Tex.1980); *In the Interest of S.R.M.*, 601 S.W.2d 766 (Tex.Civ.App.—Amarillo 1980, no writ). "Clear and convincing" refers to "that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *In the Interest of G.M.*, 596 S.W.2d at 847.

The evidence showed that the child's father had exposed himself to his daughter, had frequently placed his hand on his daughter's vagina in a sexual manner, had placed his penis against her vagina, and, on at least one occasion has suggested that his nephew have sexual contact with the daughter. The mother made admissions to various people that she had been aware of and had actually observed the sexual abuse, stating that her six year old daughter needed to be taught about "such things" before she started dating. The mother also stated that the daughter would be better off elsewhere. Counselling was suggested for both parents. The father refused to attend and the mother quit after one month. A certified psychology associate testified after testing and interviewing the father that he diagnosed the father's condition as "border line preschizophrenic personality disorder", that this condition was a "stable pattern" and "one that would not appear to be readily amenable to change", that as a result psychotherapy would be considered a "long term prospect of several years."

The actions which break the ties between a parent and child can never be justified without the most solid and substantial reasons. Where the action is permanent the proceeding should be strictly scrutinized as there exists a strong presumption that the best interests of the child is usually served by permitting the retention of custody by the natural parents. We find that the evidence here indicates by a clear and convincing standard that Child Welfare has met and overcome its burden. The enumerated acts and omissions of the parents clearly and convincingly indicate that the best interest of H.W.E. would be served by termination of the parental rights.

Judgment affirmed.