TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00326-CV







Linda Tristan and Moris Aviles, Appellants



v.



Texas Department of Protective and Regulatory Services, Appellee







FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT 


NO. 90-0720, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING 







PER CURIAM


 This is a parental termination case. Appellee Texas Department of Protective and
Regulatory Services ("the Department") filed a petition to terminate the parental rights of appellants Linda
Tristan and Moris Aviles, to their minor son, M.T. Following a hearing, the trial court found by clear and
convincing evidence that Linda and Moris engaged in conduct that endangered their child's physical and
emotional well-being. The trial court also found that termination was in the best interest of the child and
appointed the Department permanent managing conservator. See Tex. Fam. Code Ann. § 161.001 (West
1996). Linda and Moris assert a single point of error urging that the evidence is insufficient to establish the
statutory grounds for termination. We will affirm the decree of termination.



PROCEDURAL HISTORY


 A court may terminate a parent-child relationship if it finds that (1) the parent has engaged
in any of the specific conduct set forth in the Family Code as grounds for termination; and (2) termination
is in the child's best interest. Texas Dep't of Human Servs. v. Boyd, 727 S.W.2d 531, 533 (Tex. 1987). 
On November 9 and November 16, 1995, hearings on the Department's petition for termination of the
parental rights of Moris and Linda to their minor child, M.T. were held. A review of the record shows that
the Department alleged in the disjunctive four of the possible fourteen statutory acts of misconduct and
pleaded that it was in M.T.'s best interest for the parental rights of Moris and Linda to be terminated. See
Tex. Fam. Code Ann. § 161.001(1)(C)(D)(E) & (L)(2). 

 On March 12, 1996, the court terminated the parent-child relationship between Linda and
M.T. based on finding that she: (1) has been adjudicated criminally responsible for the serious injury of
M.T.; (2) voluntarily left M.T. in the possession of another without providing adequate support and
remained away for a period of at least six months; (3) knowingly placed or allowed M.T. to remain in
conditions or surroundings that endangered his physical or emotional well-being; (4) engaged in conduct
or knowingly placed M.T. with persons who engaged in conduct that endangered his physical or emotional
well-being; and (5) that termination was in the best interest of M.T. See Tex. Fam. Code Ann. §
161.001(1)(C)(D)(E) & (L)(2); D.O. v. Texas Dep't Human Servs., 851 S.W.2d 351, 353 (Tex.
App.--Austin 1993, no writ); Fite v. Nelson, 869 S.W.2d 603 (Tex. App.--Houston [14th Dist.] 1994,
no writ). Similarly the court found clear and convincing evidence to support the termination of Moris'
parental rights based on finding that he committed three of the four alleged acts of misconduct and that
termination of his parental rights would be in the best interest of the child. On appeal, Linda and
Moris assert that the record fails to sufficiently establish that they committed the allegations levelled against
them. Moris specifically complains that the evidence failed to establish by clear and convincing evidence
that he was adjudicated to be criminally responsible for the injuries to M.T. 

 A petition requesting termination of the parent-child relationship may be granted if the court
finds that the parent has engaged in any one of the statutorily enumerated acts and that termination is in the
best interest of the child. Hence we conclude that it is irrelevant that the Department did not prove all of
the alleged acts of misconduct with regard to both parents. Tex. Fam. Code Ann. § 161.001; D.O., 851
S.W.2d 351 at 353. 

 Moreover, our review of the record reveals that the court did not find that Moris had been
adjudicated for any criminal acts against the child. The Department's allegations and the court's findings
with regard to Moris were grounded, in part, on the fact that at times during the course of misconduct by
Linda, Moris resided in the home as a passive perpetrator who was aware of Linda's acts but failed to
provide protection for M.T. See In re H.W.E., 613 S.W.2d 71 (Tex. App.--Fort Worth 1981, no writ)
(where mother is aware of and actually observed abuse committed upon child by father, parental rights
were properly terminated). We now turn to the sufficiency of the evidence to uphold the findings of the trial
court.



STANDARD OF REVIEW


 Linda and Morris assert that the trial court erred in finding clear and convincing evidence
that their parental rights should be terminated. The Department had the burden to prove the elements
necessary for termination by clear and convincing evidence. In re G. M., 596 S.W.2d 846, 847 (Tex.
1980) (function of standard is to instruct the fact-finder concerning the degree of confidence society thinks
it should have in correctness of factual conclusions). The clear and convincing standard of proof requires
"that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or
conviction as to the truth of the allegations sought to be established." In re G. M., 596 S.W.2d at 847. 

 When reviewing a jury verdict to determine the factual sufficiency of the evidence to
support a finding on which the appellee had the burden of proof at trial, we must consider and weigh all the
evidence and should set aside the judgment only if the evidence is so weak as to be clearly wrong and
manifestly unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); In re King's Estate, 244 S.W.2d
660, 661 (Tex. 1951); see also Pool v. Ford Motor Co., 715 S.W.2d 629 (Tex. 1986); Federal
Deposit Ins. Corp. v. Golden Imports, Inc., 859 S.W.2d 635, 640 (Tex. App.--Houston [1st Dist.]
1993, no writ). See generally William Powers, Jr. & Jack Ratliff, Another Look at "No Evidence" and
"Insufficient Evidence," 69 Tex. L. Rev. 515 (1991). The clear and convincing standard of proof
required to terminate parental rights does not alter the appellate standard of review. State v. Turner, 556
S.W.2d 563, 565 (Tex. 1977). Because no written findings of fact or conclusions of law were filed, it is
implied that the trial court made all of the findings necessary to support its judgment. Wolford v. Stamper,
801 S.W.2d 108, 109 (Tex. 1990). 




CONDITIONS AND CONDUCT THAT ENDANGERED THE CHILD


 The trial court found by clear and convincing evidence that Linda and Moris both
committed three of the four alleged acts of misconduct and that termination of their parental rights was in
the best interest of M.T. We will review the evidence.

 On September 4, 1990, the Department received a referral regarding abuse and neglect
of M.T. The child was diagnosed as having "failure to thrive" syndrome, a bruise on the bridge of his nose,
and a healing fractured left arm. Following an investigation by the Department which revealed that the child
had suffered other questionable injuries while in the home, in-home services were provided to the parents. (1) 

 On October 6, 1990, M.T. sustained a spiral fracture to his right leg. At this juncture, the
Department filed a petition for temporary managing conservatorship and sought an order for emergency
protection of the child. The petition was granted and M.T. was placed in foster care while his parents
participated in a family service plan developed by the Department. On February, 1, 1991, the Department
filed charges against Linda alleging that she knowingly and intentionally engaged in conduct that caused
serious physical deficiency and serious bodily injury to M.T. On May 13, 1991, Linda was sentenced to
deferred adjudication and ten years' probation. 

 In June 1993, following participation in the Department's plan, Linda and Moris regained
possession of M.T. However, he only remained with them until October 8 of that year, when the
Department once again removed him to a foster home following acts of physical abuse by Linda. Following
the removal, Delisse Sardina, a child protective services specialist from the Department, met with Moris
and Linda. The couple informed her of their desire to relinquish their parental rights to M.T. Sardina
provided them with affidavits of relinquishment to review and return to the Department. Later that month,
however, Moris and Linda and their remaining children left the state without returning the affidavits or
providing a forwarding address. 

 On June 16, 1994, Linda was arrested for the 1993 offense and for violating the terms of
her deferred adjudication. She was convicted of (1) causing physical injury to M.T. during his visit with
the family on October 8, 1993; (2) failing to report to her probation officer; (3) failing to complete the
required community service; (4) and being in arrears on her probation fees. Linda's probation was revoked
on September 7, 1994, and she was sentenced to thirty-six years' confinement in the Texas Department
of Criminal Justice-Institutional Division, where she currently remains. 

 Our review of the record shows that at times during the course of Linda's acts of
misconduct, she and Moris shared and resided in the same home and that Moris was aware of her abuse
of M.T. Although he was present in the home, there is no evidence in the record that Moris acted to
protect his son from the harm Linda inflicted. Further, although not in custody, Moris abandoned M.T. and
failed to provide support for the child or contact the Department between October 1993 and December
1994. 

 Our review of the record reveals that a reasonable basis exists for the trial court's findings
of misconduct. We hold that the evidence is factually sufficient to prove by clear and convincing evidence
that Linda and Moris each engaged in the acts alleged and, further, that termination of their parental rights
is in the best interest of their son.



CONCLUSION


 Because there is sufficient evidence to support all four of the challenged findings that justify
terminating Moris and Linda's parental rights to M.T., we affirm the trial court's decree of termination. 



Before Justices Jones, Kidd and B. A. Smith

Affirmed

Filed: November 20, 1996

Do Not Publish 
1.   For example in July 1989, M.T. was brought to Central Texas Medical Center in San
Marcos with a second-degree burn on his hand.



HAT ENDANGERED THE CHILD


 The trial court found by clear and convincing evidence that Linda and Moris both
committed three of the four alleged acts of misconduct and that termination of their parental rights was in
the best interest of M.T. We will review the evidence.

 On September 4, 1990, the Department received a referral regarding abuse and neglect
of M.T. The child was diagnosed as having "failure to thrive" syndrome, a bruise on the bridge of his nose,
and a healing fractured left arm. Following an investigation by the Department which revealed that the child
had suffered other questionable injuries while in the home, in-home services were provided to the parents. (1) 

 On October 6, 1990, M.T. sustained a spiral fracture to his right leg. At this juncture, the
Department filed a petition for temporary managing conservatorship and sought an order for emergency
protection of the child. The